IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | | |
|---|---|---|
| GLORIA ROMANI, | ) | No. 3:11-cv-0382-PA |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| NORTHWEST TRUSTEE SERVICES, | ) | |
| INC., as Successor Trustee; | ) | |
| WELLS FARGO BANK, N.A., dba | ) | |
| WELLS FARGO HOME MORTGAGE | ) | |
| CORPORATION; FEDERAL HOME | ) | |
| LOAN MORTGAGE CORPORATION; | ) | |
| MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEMS, INC., | ) | |
| as Nominee Beneficiary of | ) | |
| Trustee, | ) | |
| | ) | |
| Defendants. | ) | |

**PANNER, J.**

Before the Court is Defendants' Motion for Summary Judgment (#38). For the reasons set forth below, that motion is GRANTED. Also before the Court is Plaintiff's renewed Motion to Amend the Complaint, made at oral argument. That motion is DENIED.

### Legal Standard

Summary judgment shall be granted when the record shows that

1 - ORDER

there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that no genuine issue of material fact exists. Celotex Corp. V. Catrett, 477 U.S. 317, 323 (1986); Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. Playboy Enters., Inc. v. Welles, 279 F.3d 796, 800 (9th Cir. 2002). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting Anderson, 477 U.S. at 248).

**Background**

In 1998, Plaintiff borrowed $153,000 from Northwest Mortgage, Inc. to finance the purchase of a home. To secure that loan, Plaintiff executed a Promissory Note and Deed of Trust.

In the following years, Plaintiff experienced repeated financial difficulties, including a bankruptcy in 2000. Plaintiff repeatedly fell behind on her mortgage payments, but was able to negotiate loan modifications in 2002 and 2004.

In June 2008, Plaintiff refinanced her loan with Sunset Mortgage, Co. Plaintiff executed a new Note and Deed of Trust for $171,000. The Note obligated Plaintiff to make regular payments and permitted the lender to demand the full amount of the principal in the event of default. The Note was subsequently

2 - ORDER

transferred by endorsement in blank to Wells Fargo Bank, N.A.. The Deed of Trust permitted the lender to initiate a non-judicial foreclosure in the event of Plaintiff's default on the Note. The Deed of Trust identified Defendant Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary "solely as nominee for Lender and Lender's successors and assigns."

Plaintiff once again experienced difficulties in meeting her obligations under the second Note. She made her last mortgage payment in July 2009. In August 2009, Plaintiff applied for a loan modification under the Home Affordable Modification Program (HAMP). Plaintiff's HAMP application was denied. By March 2010, Plaintiff was $9,884.02 in arrears.

In May 2010, MERS assigned the second Deed of Trust to Defendant Wells Fargo. Wells Fargo appointed Defendant Northwest Trustee Services, Inc. (NWTS) as successor trustee under the Deed of Trust. Both assignments were recorded in Clackamas County. NWTS sent Plaintiff a Notice of Default and Election to Sell on May 28, 2010. The property was sold to Defendant Federal Home Loan Mortgage Corporation at a trustee's sale on October 4, 2010.

In January 2011, Plaintiff brought this action in Clackamas County Circuit Court. Defendants removed to this court in March 2011. In March 2012, Defendants filed a Motion for Summary Judgment. In July 2012, the case was stayed pending the Oregon Supreme Court's decision in <u>Brandrup v. Recontrust Co., N.A</u>, 353 Or. 668 (2013). In June 2013, the case was stayed again while the parties pursued loan modification. On August 13, 2013, Plaintiff filed a Motion to Amend the Complaint, which was denied.

3 - ORDER

## Discussion

Defendants move for summary judgment. At oral argument, Plaintiff acknowledged that there were no disputed issues of fact remaining in the case, but renewed her previous motion to amend the complaint. I will address each of these issues in turn.

### I. Plaintiff's Renewed Motion to Amend the Complaint

After reviewing the case law and statutes cited by both parties, I find no error in my previous order of denial (#78). The proposed Second Amended Complaint would be subject to dismissal for the reasons set forth in Mikityuk v. Northwest Trustee Services, Inc., No. 3:12-cv-1518-PA, 2013 WL 3388536 (D. Or. June 26, 2013). Plaintiff's proposed amendment would be futile. Plaintiff's renewed Motion to Amend the Complaint is DENIED.

### II. Defendants' Motion for Summary Judgment

Plaintiff's First Amended Complaint asserts claims for 1) wrongful foreclosure, 2) breach of contract, 3) quiet title, and 4) declaratory judgment.

#### A. Wrongful Foreclosure

Plaintiff alleges that the non-judicial foreclosure of her property was defective. Plaintiff's First Amended Complaint presented a number of bases for this claim, but in her Response to Defendants' Motion for Summary Judgment, Plaintiff conceded and withdrew all but two: 1) that the designation of MERS as beneficiary is invalid, and 2) that Defendants failed to record all assignments of the Deed of Trust in violation of ORS 86.735.

**1. MERS as beneficiary.**

Plaintiff argues that MERS cannot be the beneficiary under ORS 86.705(2) and that, as a result, MERS purported assignment of the Deed of Trust to Wells Fargo, as well as all other actions taken by MERS are void.

The Oregon Supreme Court took up this issue in Brandrup v. Recontrust, N.A., 353 Or. 668 (2013). The Oregon Supreme Court held that "For the purposes of ORS 86.735(1), the 'beneficiary' is the lender to whom the obligation that the trust deed secures is owed or the lender's successor in interest." Brandrup, 353 Or. at 673-74. Because MERS does not hold the beneficial right to repayment of the obligation, MERS cannot be the beneficiary. Id. at 693. "For the purposes of the OTDA [Oregon Trust Deed Act], the only pertinent interests in the trust deed are the beneficial interest of the beneficiary and the legal interest of the trustee." Id. at 675. The court also concluded that "the person entitled to repayment of the secured obligation also controls the foreclosure process." Id. at 688. "Because MERS does not have the right to receive repayment of the notes in these cases, the OTDA does not allow MERS to hold and transfer legal title to the trust deeds that secure them." Id. at 705. Any such transfers are invalid. Id. at 707.

The Oregon Supreme Court also re-affirmed the longstanding principal that when a promissory note changes hands, the securing deed of trust follows by operation of law. Id. at 694.

In this case, the record shows that the Note was transferred by endorsement in blank to Wells Fargo by the original lender.

5 - ORDER

The Deed of Trust therefore also transferred to Wells Fargo, by operation of law. As the party entitled to payment under the Note and Deed of Trust, Wells Fargo was the beneficiary, notwithstanding the designation of MERS as beneficiary in the Deed of Trust.

Any purported assignments of the Deed of Trust by MERS are legal nullities. Wells Fargo, as holder of the Note, possessed the right to appoint a successor trustee and to take all of the other actions necessary to initiate the non-judicial foreclosure. The involvement of MERS does not invalidate the completed sale.

### 2. Unrecorded Assignments of the Deed of Trust

Plaintiff argues that the foreclosure sale was invalid because Defendants failed to record every transfer of the Deed of Trust, as required under the OTDA. Specifically, Plaintiff alleges that the transfers of the Deed of Trust which occurred when the Note was transferred by endorsement were not recorded.

The Oregon Supreme Court also addressed this issue in Brandrup. "ORS 86.735(1) does not require recordation of 'assignments' of the trust deed by operation of law that result from the transfer of the secured obligation." Brandrup, 353 Or. 699.

As the unrecorded assignments in this case occurred by operation of law when the Note was transferred by endorsement in blank, no recording was necessary. Defendants failure to record such assignments will not undo the completed foreclosure sale.

As neither the involvement of MERS, nor the failure to record assignments of the Deed of Trust will serve to render the

6 - ORDER

foreclosure unlawful, I conclude that Defendants are entitled to judgment as a matter of law on this claim. Defendants' Motion for Summary Judgment is GRANTED. Judgment is for Defendants.

### B. Breach of Contract

In her First Amended Complaint, Plaintiff alleges a claim for breach of contract against Defendant Wells Fargo on the basis that Plaintiff is a third-party beneficiary to a contract between Wells Fargo and the Department of the Treasury regarding the HAMP program. Plaintiff alleges that, by denying her application for a loan modification under HAMP, Wells Fargo breached the contract.

In her Response to Defendants' Motion for Summary Judgment, Plaintiff concedes and withdraws "[her] claim that Plaintiff is a third-party beneficiary of HAMP and all related arguments." Plaintiff declined to withdraw or concede any of the remaining arguments or grounds in support of this claim. However, Plaintiff identifies no basis for this claim other than those relating to her purported status as a third-party beneficiary to the HAMP agreement. Defendants' Motion for Summary Judgment is therefore GRANTED. Judgment is for Defendants.

### C. Quiet Title

In her Response to Defendants' Motion for Summary Judgment, Plaintiff conceded and withdrew this claim. I accept Plaintiff's concession on this point. Defendants' Motion for Summary Judgment is GRANTED. Judgment is for Defendants.

### D. Declaratory Judgment

Plaintiff seeks a declaratory judgment that 1) Defendants

have no legal or equitable rights in the Note or the Deed of Trust and 2) that Defendants lack of legal standing to institute, maintain, or enforce a foreclosure on the property entitles her to seek permanent injunctive relief barring Defendants from seeking to foreclose on the property in the future.

28 U.S.C. § 2201 provides that "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28. U.S.C. § 2201(a).

In this case, the record shows that Wells Fargo was the holder of the Note and the beneficiary of the Note and Deed of Trust as successor to the original lender. The record shows that Plaintiff defaulted on the loan and that Defendants initiated a foreclosure proceeding. Plaintiff received the required notices and failed to exercise her right to cure or bring an action to halt the foreclosure. The record shows that the property was sold at a trustee sale in October 2010. There is nothing in the record to support the contention that Defendants lacked either the legal right or standing to foreclose on the property.

I conclude, therefore, that Defendants are entitled to judgment as a matter of law. Defendants' Motion for Summary Judgment is GRANTED. Judgment is for Defendants.

## Conclusion

Plaintiff's renewed Motion to Amend the Complaint is DENIED. Defendants' Motion for Summary Judgment (#38) is GRANTED. Judgment is for Defendants.

IT IS SO ORDERED.

DATED this 12/12 day of December, 2013.

_____
Owen M. Panner
United States District Judge

9 - ORDER