IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | | |
|---|---|---|
| GLORIA A. ROMANI, | ) | No. 3:11-cv-00382-PA |
| | ) | |
| Plaintiffs, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| NORTHWEST TRUSTEE SERVICES, | ) | |
| INC., as Successor Trustee, | ) | |
| WELLS FARGO BANK, NA, doing | ) | |
| business as Wells Fargo Home | ) | |
| Mortgage, Inc.; FEDERAL HOME | ) | |
| LOAN MORTGAGE CORPORATION; | ) | |
| MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEMS, INC, | ) | |
| Defendants. | ) | |
| | ) | |

**PANNER, J.**

This matter comes before the Court on Defendants' Bill of Costs (#84) and Motion for Attorney Fees (#89). On December 12, 2013, Defendants' Motion for Summary Judgment was granted (#82) and a judgment was entered for Defendants (#83). Pursuant to the terms of the Note and Deed of Trust in this case, Defendants seek $136,694 in attorney and paralegal fees and $1,505.65 in costs. Defendants' Bill of Costs and Motion for Attorney Fees are DENIED.

1 - ORDER

## Legal Standards

"A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2). LR 54-3 provides "In addition to the requirements of Fed. R. Civ. P. 54(d)(2)(B), any motion for attorney fees must set forth the relevant facts and arguments of the moving party, along with all supporting authorities and affidavits." LR 54-3(a).

## Discussion

Under the "American Rule," each litigant pays his own attorney fees, win or lose, unless a statute or contract provides otherwise. Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 252-53 (2010).

In this case, Defendant Wells Fargo contends that it is entitled to attorney fees under Section 22 of the Deed of Trust. In relevant part, Section 22 of the Deed of Trust provides:

> Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

In Crowden v. Fed. Nat'l Mortg. Ass'n, 3:11-cv-1083-HZ, 2012 WL 3314823 at *1-3 (D. Or. Aug. 10, 2012), Judge Hernandez ruled that a deed of trust containing identical language did not entitle the lender to attorney fees after the lender prevailed on a motion to dismiss. "[I]t is simply unclear from the plain language of the Deed of Trust that the term 'pursuing the

2 - ORDER

remedies in . . . Section 22' specifically includes the defense of an action brought by Plaintiff challenging the non judicial sale which had already been pursued and completed months before the action had been filed." Id. at *3.

After reviewing the identical language of Section 22 in this case, I concur with the reasoning put forth in Crowden. I conclude that Defendant Wells Fargo cannot rely on Section 22 of the Deed of Trust to sustain a claim for attorney fees.

Defendant Wells Fargo also contends that it is entitled to attorney fees based on the terms of the Note. In relevant part, the Note provides that "the Note Holder will have the right to be paid back by [Plaintiff] for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees."

I conclude that the reasoning put forth in Crowden applies with equal force to the terms of Note. It is not clear that from the plain language of the Note that right to attorney fees and costs in enforcing the Note extends to defending actions brought by Plaintiff after the Note has been enforced by non judicial foreclosure. For the same reason, I also decline to award costs in this matter.

3 - ORDER

## Conclusion

Defendants' Bill of Costs (#84) and Motion for Attorney Fees (#89) are DENIED.

IT IS SO ORDERED.

DATED this __17__ day of March, 2014.

_____
Owen M. Panner
United States District Judge

4 - ORDER